IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(WESTERN DIVISION)

FILED
2009 NOV -2 P 1:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| LARRY SMITHERMAN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. _____ |
| ATESSA BENEFITS, INC., JOHN ) | |
| HANCOCK FINANCIAL SERVICES, ) | CV-09-P-2217-W |
| INC., and MCG INTERMEDIATE ) | |
| HOLDINGS, INC. ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

COMES NOW, the Plaintiff Larry Smitherman and in support of his Complaint says as follows:

### Facts Common to All Counts

1. The Plaintiff is a resident of Bibb County, Alabama.

2. The Defendants do business by agent or otherwise in Bibb County, Alabama, and are subject to the jurisdiction of this Court.

3. The Plaintiff was employed with Pullman-Standard up until he was laid off by the company in 1981, and subsequently terminated in August 1982. Upon information and belief, Pullman-Standard was dissolved in the 1980s and no longer exists.

4.  While employed by Pullman-Standard, the Plaintiff participated in a non-contributory pension plan (hereafter the "Pullman Plan"). Upon information and belief, the Pullman Plan provided for retirement benefits for its covered employees based upon years of credited service. The Plaintiff was a covered employee under the terms of the Pullman Plan.

5.  Upon information and belief, in September 1997, the Pullman Plan merged into the Abex Inc. Retirement Plan (hereafter the "Plan"). This Plan is the subject of this lawsuit.

6.  Upon information and belief, the Plan Administrator of the Plan is Defendant MCG Intermediate Holdings, Inc. (hereafter "MCG"). A notice received by the Plaintiff in or around March 2000 indentifies MCG as the Plan Sponsor and/or Administrator, as does an August 1999 Summary Plan Description.

7.  Sometime in or around March 2000, the Plaintiff received notification that the Plan would be terminated, but that there would be no interruption in vested benefits. Upon information and belief, the Plan was terminated on or around May 31, 2000.

8.  Upon termination of the Plan, annuities were purchased through Defendant John Hancock Financial Services, Inc. (hereafter "John Hancock") to cover vested benefits which had accrued under the Plan.

9.   Under the terms of both the Plan and the annuities, the Plaintiff appeared to be entitled to receive a vested pension benefit in the amount of $235.00 per month beginning at age 62. The Plaintiff received at least three separate notifications from Pullman-Standard from August 1986 through August 1988 indicating that his monthly benefit amount payable at age 62 would be $235.00.

10.  The Plaintiff inquired into receiving this benefit amount, and was informed by John Hancock through letter dated February 29, 2008 and by Defendant Atessa Benefits, Inc. (hereafter "Atessa") through letter dated December 12, 2008 that he would only be eligible to receive $174.39 per month if he retired at age 62, and would not receive the full $235 per month unless he retired on or after September 1, 2010, due to the fact that he had not reached age 40 upon the date of his termination of employment. This information was in conflict with communications sent to him informing him that his full retirement benefit of $235.00 per month would be payable at age 62.

11.  On February 15, 2008, the Plaintiff sent a letter to John Hancock requesting that it explain the discrepancies and why he would not be receiving $235 per month at age 62 in accordance with previous communications.

12.  On February 15, 2008, the Plaintiff also requested by letter to John Hancock a copy of the summary plan description (hereafter "SPD") in effect when he

was laid off in 1981, as well as a copy of the current SPD. On February 29, 2008, John Hancock responded by letter stating the Plaintiff was not eligible for an unreduced benefit, but did not provide any SPD at that time.

13. On March 20, 2008, the Plaintiff again requested by letter to John Hancock a copy of the SPD that was in effect on August 19, 1982 when his employment with Pullman-Standard was terminated. On March 28, 2008, John Hancock responded by letter, again stating that the Plaintiff was not eligible for unreduced benefits, but did not provide any SPD at that time.

14. On March 31, 2008, the Plaintiff again requested by letter to John Hancock a copy of the SPD governing his Plan. A response to this request was never received.

15. On April 23, 2008, the Plaintiff again requested by letter to both John Hancock and Atessa a copy of the SPD governing his Plan, indicating that no previous response had been received. A response to this request was never received.

16. On November 1, 2008, the Plaintiff again requested by letter to both Atessa and John Hancock a copy of the SPD governing his Plan, indicating that no previous response had been received. The Plaintiff also sent a letter to the "Abex Plan Termination Team" requesting a copy of the SPD in effect in

4

1981, as well as a copy of the current SPD. A response to these requests was never received.

17. On December 3, 2008, the Plaintiff sent a letter to multiple parties, including MCG, Atessa, John Hancock, and the Abex Plan Termination Team, informing them that a copy of the SPD governing his Plan had not been received and that their actions were a violation of fiduciary duties which could subject them to a claim for statutory penalties. The Plaintiff also requested a complete copy of the pension claim file, as well as copies of all summary annual reports since 1981, which were not previously provided to the Plaintiff.

18. On December 12, 2008, Atessa responded by sending a letter to the Plaintiff with a copy of "the relevant pages" of the Plan. A complete copy of the Plan was not provided. Additionally, the pages provided appeared to relate to the Plan with an effective date of October 1, 1989, and were not pages from the Plan in effect in 1982 when the Plaintiff was terminated.

19. On December 23, 2008, the Plaintiff sent a letter to Atessa informing them that the whole SPD was not produced, and that the complete SPD in effect on August 19, 1982 was needed. A copy of this letter was also sent to John Hancock.

20. On December 31, 2008, Atessa responded by sending a letter to the Plaintiff enclosing a copy of an SPD for the Plan. However, the SPD received appeared to be the SPD in effect in September 1993.

21. On June 24, 2009, the Plaintiff sent a letter to the above named Defendants informing them that suit would be filed if the correct SPD was not received, and also requested copies of the Summary Annual Reports (hereafter "SARS") from 1981 to the present.

22. On July 17, 2009, Plaintiff received a letter from attorney Kathleen Drapeau, presumably on behalf of MCG, finally providing the correct SPD, which was effective February 1, 1982. However, SARS for the years requested were never provided.

23. On August 24, 2009, the Plaintiff sent a letter to MCG indicating that the company was liable for statutory penalties, and requesting a resolution of the situation. On September 8, 2009, MCG responded by letter stating that it had no obligation to provide the SPD and that it considered the matter concluded.

24. On October 22, 2009, the Plaintiff sent another letter to MCG indicating that suit would be filed if the matter was not resolved and setting out case law substantiating his position. On October 28, 2009, MCG responded by letter, but no resolution was ever reached.

25. The Plaintiff sought to address an adverse determination by the Defendants related to his retirement benefits under the Plan, but was prejudiced from doing so for an extended time and contrary to the law due to Defendants' failure to provide relevant plan documents upon request. A copy of the full and complete claim file was not received until August 18, 2009. A copy of the relevant SPD was not received until July 17, 2009. Copies of the requested SARs have yet to be provided to the Plaintiff.

26. As a result of Defendants' conduct, the Plaintiff has incurred substantial legal fees and expenses related to the investigation of his claim, and has suffered anguish and grief over the protracted delays in providing required information.

27. The Plaintiff has exhausted all "administrative" or claim remedies related to a penalty claim, and/or such exhaustion would be futile.

## COUNT ONE

28. The Plaintiff incorporates hereby reference Paragraphs 1 through 27 of this Complaint as if set out in full.

29. This Count is brought under 29 U.S.C. § 1132(c), and seeks penalties for wrongful refusal to provide information requested and late production of requested information, as required by ERISA and relevant regulations. The Plan is an employee benefit plan that appears to be regulated by the

Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

30. Defendants had an obligation as Plan Administrator, or as entities assuming the duties of "any administrator", or as *de facto* Plan Administrators, to comply with requests for information, which were required by law to be furnished under 29 U.S.C. § 1132(c). Under 29 U.S.C. § 1029, the Secretary of Labor prescribes what documents must be furnished. Under 29 C.F.R. § 2560.503-1, the participant is entitled to have reasonable access to all information relevant to a claim for benefits, including the information requested by the Plaintiff. Defendants have breached these duties.

31. Although the Plan has allegedly been "terminated", there was a continuing duty to provide relevant plan documents upon request by the Plaintiff since he continued to have a vested interest to benefits under the "terminated" Plan.

32. On multiple occasions, as outlined above, the Plaintiff has requested from the Defendants, in writing, a copy of the SPD in effect on August 19, 1982 when the Plaintiff was terminated from employment with Pullman-Standard, as well as a copy of the current SPD; a copy of the complete pension claim file; and copies of all summary annual reports from 1981 to the present.

33. The Defendants repeatedly refused or ignored requests to produce the requested information, to the detriment of the Plaintiff. Some of the

information was eventually received, but in an untimely manner.

34. The requested information is believed to have been in the possession of Defendants. The requested information was needed by the Plaintiff to both understand how the Defendants were handling the Plaintiff's claim and ensure that the Plaintiff could address seemingly adverse information.

35. Defendants were previously put on notice that a penalty claim for failure to timely produce the requested information would be asserted.

36. Defendant's actions in failing to timely provide the requested SPD and claim file, and in failing to provide the requested SARs, constitute a breach of fiduciary duty and further constitute a violation of ERISA Section 502(c) subjecting the Defendants to penalties in an amount up to $110.00 per day for each violation.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants as follows:

a. For an award of penalties of $110.00 per day per violation for each day the Defendants failed to produce "plan documents" as required to be produced by 29 U.S.C. § 1024(b)(4) and as interpreted by the Department of Labor in Advisory Opinion 96-14A (July 31, 1996), and running until such time as this Court concludes that the Defendants have complied with their obligations;

b.  For an award of attorney's fees;

c.  For such other further relief as may be just and proper under 29 U.S.C. 1132(c).

_____
Jason E. Burgett
(ASB-5742-A40B)

_____
David P. Martin
(ASB-3500-M68D)

Attorneys for Plaintiff
3601 Watermelon Road
Northport, AL 35473
Phone (205) 343-1771
Facsimile (205) 343-1781
Jasonburgett@erisacase.com
Davidpmartin@erisacase.com

## Request for Service by Certified Mail

The Plaintiff requests service of this Complaint on the Defendants by certified mail, restricted delivery, return receipt requested.

_____
Jason E. Burgett (ASB-5742-A40B)

10

**Plaintiff's Address:**

Larry Smitherman
1247 Oarden Road
Brent, AL 35034

**Defendants' Addresses:**

Atessa Benefits, Inc.
c/o William E. Coffey
17085 Via Del Campo
San Diego, CA 92127

John Hancock Financial Services, Inc.
c/o CSC Lawyers Inc.
150 South Perry Street
Montgomery, AL 36104

MCG Intermediate Holdings, Inc.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525